IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF AIDNIK,

       Plaintiff,                     No. CIV S-08-0332 LKK KJM P

   vs.

WARDEN MARTIN VEAL, et al.,

       Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has used the form for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He does not seek release from custody, but rather asks the court to direct the defendants not to transfer him to a facility where he will be unable to secure necessary medical treatment. Accordingly, this action is one more appropriately brought under 42 U.S.C. § 1983. See <u>Muhammed v. Close</u>, 540 U.S. 749, 750 (2004).

        Plaintiff's request to proceed in forma pauperis does not include the certificate from the institution or the certified copy of his trust account statement for the preceding six

1

months necessary to evaluate his request in this civil rights action. 28 U.S.C. § 1915 (a)(2). Plaintiff will be give the opportunity to submit the necessary documentation.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007). In reviewing a complaint under this standard, the court must accept as true the

/////

allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that the classification committee has determined to transfer him to a facility where he will not be able to receive necessary treatment for asthma and lead poisoning. He also alleges that he will not receive a necessary hernia operation nor physical therapy for a repaired rotator cuff if he is transferred. There is no constitutional right to placement in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Deliberate indifference to an inmate's medical needs, however, may state a claim under the civil rights act. Estelle v. Gamble, 429 U.S. 97, 106 (1976). It is unclear from the pleading, however, how petitioner knows he will be unable to receive the necessary care if transferred or whether the named defendants were made aware of plaintiff's medical problems before making the decision to transfer him. He will be given the opportunity to submit an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

          In accordance with the above, IT IS HEREBY ORDERED that:

          1. Plaintiff's application to proceed in forma pauperis is dismissed without prejudice;

          2. Plaintiff's complaint is dismissed;

          3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and a form for a civil rights action by a prisoner; and

          4. Plaintiff shall submit, within thirty days from the date of this order, a completed application to proceed in forma pauperis. and an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint and completed request to proceed in forma pauperis in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 3, 2008.

_____
U.S. MAGISTRATE JUDGE

2
aidn0332.14+